2007 BNH 040

---

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:  Bk. No. 07-11614-JMD
  Chapter 7
Laura Perrotta,
        Debtor

*Mark P. Cornell, Esq.*
*Concord, New Hampshire*
*Attorney for Debtor*

*Ann Marie Dirsa, Esq.*
*Manchester, New Hampshire*
*Attorney for Phoebe Morse, United States Trustee*

## MEMORANDUM OPINION

### I.  INTRODUCTION

On October 4, 2007, the Court held a hearing to consider the Ex Parte Motion of United States Trustee for Order Authorizing Rule 2004 Examination of Debtor and Production of Documents (Doc. No. 10) (the "Motion"), the Objection to Motion for 2004 Examination filed by the Debtor (Doc. No. 11), and the Reply in Support of the Motion of United States Trustee for Order Authorizing Rule 2004 Examination of Debtor and Production of Documents filed by the United States Trustee (the "UST") (Doc. No. 13).   After consideration of the pleadings and the arguments of counsel, the Court denied the Motion in open court.  This opinion states the rationale for that order.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States

Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

Laura Perrotta (the "Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code on July 31, 2007. The first meeting of creditors was conducted on September 4, 2007, and resulted in the chapter 7 trustee filing a "no assets" report. On September 14, 2007, the UST filed the required report under 11 U.S.C. § 704(b)(1)(A) indicating that she was then unable to determine if the Debtor's case were presumptively abusive under 11 U.S.C. § 707(b), as applicable under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 ("BAPCPA").[1] On September 17, 2007, the UST sought an order pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 2004 requiring the Debtor to produce documentation and to appear for an examination by the UST. The UST sought such discovery in order to make an informed decision regarding whether the Debtor's bankruptcy case should be presumed to be an abuse under § 707(b) and whether she should file a motion to dismiss on that basis pursuant to § 704(b)(2). The UST specifically sought information that would assist her in determining whether certain items in Form 22A (the "Means Test Form") were properly claimed. At issue are the large marital adjustment of $6,298.58 on line 17 of the Means Test Form as well as deductions of $150.00 for health care on line 31 and $250.00 for telecommunication services on line 32.

---

[1] In this opinion the terms "Bankruptcy Code," "section" or "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, after amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

**III. DISCUSSION**

Section 704(b)(1)(A) requires the UST to "review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under section 707(b)." Section 704(b)(2) requires the UST "not later than 30 days after the date of filing a statement under paragraph (1), either [to] file a motion to dismiss or convert under section 707(b) or file a statement setting forth the reasons the [UST] does not consider such a motion to be appropriate, if the [UST] determines that the debtor's case should be presumed to be an abuse under section 707(b) and [the product of the debtor's current monthly income, multiplied by 12, is not less than the requirements specified in section 704(b)(2)(A) or (B)]."

If the UST is required, or permitted, to demand expedited requests for production of documents or examination of a debtor pursuant to Rule 2004 in order to determine whether or not to file a motion within the thirty-day time limit required under § 704(b)(2), a debtor and her counsel would be required to "drop everything" to respond to such a request in order to permit the UST time to evaluate the information obtained and make a determination on whether to file a motion to dismiss or a statement under § 704(b)(2). Also, considering the time necessary for the UST to file even an ex parte motion for a Rule 2004 examination and for the Court to review, act and docket an order on such motion, it is apparent that the time frames for all parties to act and evaluate are unreasonably short.

The UST argues that such discovery is necessary if she is to satisfy the requirements of Rule 9011 in filing a statement or motion under § 704(b)(2). The Debtor's counsel contends on the facts of this case that the request by the UST is overbroad and unduly burdensome. Both parties are right and both parties are wrong. Rule 9011 applies to the UST and other parties in a

bankruptcy case.  The UST's Rule 2004 request filed on September 17, 2007, sought the production of documents within eleven days, by September 29, 2007, and an examination of the Debtor within eighteen days, on October 5, 2007, in order to satisfy an October 15, 2007 deadline under § 704(b)(2).  The Debtor is correct that such demands are burdensome on the Debtor.  They are also burdensome on the UST and the Court.

As stated by Chief Judge Gregory F. Kishel of the United States Bankruptcy Court for the District of Minnesota,

> There is no reference [in the Bankruptcy Code] to materials to be obtained from the debtor or third-party sources via formal discovery, informal exchange, or independent investigation.  There is certainly no newly-created right in the UST to compel the production of documents or any other information from a debtor on an expedited basis, or to obtain them in any way other than those under generally-applicable law.  So, in doing the statutorily-mandated early evaluation of a case for the prospect of a presumption of abuse, the UST ultimately is relegated to relying on what the debtor "filed" in the case.  The statute seems to contemplate that this will present sufficiently-reliable information on which to make an evaluation–at least when the debtors and their counsel have complied with the newly-heightened duties of verification as to accuracy that BAPCPA has imposed.

In re Robertson, 370 B.R. 804, 809 (Bankr. D. Minn. 2007) (footnote omitted).  The Court finds this analysis both accurate and persuasive.

BAPCPA put in place very short time limits for the UST to make a determination as to whether a debtor's case should be presumed to be an abuse and then to file a motion seeking dismissal under § 707(b)(2).  BAPCPA further instituted new requirements that debtors produce additional financial information including pay advices and tax returns as well as the information set forth in the Means Test Form.  11 U.S.C. § 521(a)(1)(B)(iv), (a)(1)(B)(v), and (e)(2)(A)(i).  Taken together, this Court concludes that Congress could not have contemplated that the UST would undertake exhaustive research or discovery before filing a motion to dismiss.  Rather, the

UST would only be required to review the information filed with the Court as contemplated by § 704(b)(1)(A).  Thus, BAPCPA did not place any burden on the UST to engage in extensive discovery in order to determine whether a debtor's case is a substantial abuse and thus subject to dismissal.[2]  The UST is required to file a statement of her determination of abuse under § 707(b).  If she finds the filing to be presumptively abusive, she must then file a motion to dismiss within thirty days or file a statement as to why dismissal is not being sought.  Upon the filing of the motion, the formal discovery rules of Part VII of the Federal Rules of Bankruptcy Procedure are then applicable pursuant to the contested matter rule of Rule 9014(c).  The statutory framework and deadlines can only lead to the conclusion that Congress intended the UST to file first and investigate beyond the documents submitted by the debtor later.  In the context of the statutory mandate, the UST can satisfy her obligations under Rule 9011 by making the determinations required under § 704(b)(2) on the documents in the file and provided to the chapter 7 trustee and, if a motion is filed, by pursuing discovery as contemplated by Rule 9014 in prosecuting such motion.

**IV.  CONCLUSION**

For the reasons discussed above, the Motion, which sought an order requiring the Debtor to produce documentation and appear for an examination pursuant to Rule 2004 within the time limits imposed on the UST to determine whether there is presumptive abuse under §

---

[2]  Of course, nothing prevents the UST from engaging in informal discovery or making requests to a debtor's counsel in order to clarify one or more points which may bear on the filing of a motion to dismiss under § 704(b)(2).  However, the BAPCPA amendments to the Bankruptcy Code do not require such efforts, formally or informally.

707(b)(1)(A) of the Bankruptcy Code, was denied.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

ENTERED at Manchester, New Hampshire.

Date:   November 7, 2007                         <u>/s/ J. Michael Deasy</u>
                                                                             J. Michael Deasy
                                                                             Bankruptcy Judge