2007 BNH 042

___

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                          Bk. No. 07-11614-JMD
                                                                Chapter 7
Laura Perrotta,
        Debtor


*Mark P. Cornell, Esq.*
*Concord, New Hampshire*
*Attorney for Debtor*

*Ann Marie Dirsa, Esq.*
*Manchester, New Hampshire*
*Attorney for Phoebe Morse, United States Trustee*

## MEMORANDUM OPINION

### I.  INTRODUCTION

On November 15, 2007, the Court held a hearing to consider the Objection to Motion to Dismiss (Doc. No. 19) (the "Objection") filed by Laura Perrotta (the "Debtor") with respect to the Motion of United States Trustee for Order Dismissing Case Under 11 U.S.C. § 707(b)(2) or 11 U.S.C. § 707(b)(3) (Doc. No. 15) (the "Motion").  After consideration of the pleadings and the arguments of counsel, the Court took the matter under advisement.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code[1] on July 31, 2007.  The first meeting of creditors was conducted on September 4, 2007, and resulted in the chapter 7 trustee filing a "no assets" report.  On September 14, 2007, the United States Trustee (the "UST") filed a statement under 11 U.S.C. § 704(b)(1)(A) indicating that she was unable then to determine if the Debtor's case were presumptively abusive under 11 U.S.C. § 707(b), as applicable under BAPCPA (the "No Determination Statement").  At a hearing on October 4, 2007, the Court orally denied a motion by the UST for a Rule 2004 examination of the Debtor seeking additional financial information and subsequently issued an order and a memorandum opinion regarding that denial on November 6 and 7, 2007, respectively.  After the oral ruling at the October 4, 2007 hearing, the UST filed a statement of presumed abuse (Doc. No. 14) (the "Statement").  On October 12, 2007, the UST filed the Motion seeking dismissal of the Debtor's case under § 707(b)(2) and 707(b)(3) of the Bankruptcy Code.

## III. DISCUSSION

Section 704(b)(1)(A) states that the UST "shall review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a *statement as to whether the debtor's case would be presumed to be an abuse under section 707(b)*" (emphasis added).  Section 704(b)(2) requires the UST "not later than 30 days after the date of filing a statement under paragraph (1), either [to] file a motion to dismiss or convert under section 707(b) or file a statement setting forth the reasons the [UST] does not consider

---

[1] In this opinion the terms "Bankruptcy Code," "section" or "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, after amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 ("BAPCPA").

2

such a motion to be appropriate, if the [UST] determines that the debtor's case should be presumed to be an abuse under section 707(b) and [the product of the debtor's current monthly income, multiplied by 12, is not less than the requirements specified in section 704(b)(2)(A) or (B)]."

The Debtor objects to the UST seeking dismissal of her case under the "presumed abuse" provisions of § 707(b)(1) and (2) of the Bankruptcy Code because the UST failed to file a statement indicating presumed abuse within ten days after the first meeting of creditors as required by § 704(b)(2). The Debtor contends that the No Determination Statement filed within ten days after the first meeting of creditors was insufficient to satisfy the requirements of § 704(b)(1). The Debtor argues that the statutory language in § 704(b)(1) requires a statement that the Debtor's case either is, or is not, presumed to be an abuse under § 707(b)(2). In the Debtor's view a statement indicating the UST is unable to make such a determination regarding abuse is not an option available to the UST under the plain meaning of the statutory language. According to the Debtor, § 704(b)(1) requires the filing of a statement indicating presumed abuse within ten days after the first meeting of creditor if the UST wishes proceed with a motion to dismiss under § 704(b)(2) and the presumed abuse provisions of § 707(b)(2).[2] The Debtor argues that the filing of an "equivocal placeholder" by the UST cannot be used by the UST to extend the deadline established by Congress in § 704(b)(1).

The UST contends that the No Determination Statement satisfied the ten-day requirement of § 704(b)(1) because the statute does not prescribe the language nor the content of the required statement. Possible statements that may be filed by the UST in satisfaction of the statutory

---

[2] At the hearing, the Debtor did not argue that a statement under § 704(b)(1) was a procedural prerequisite for the UST to file a motion to dismiss under § 707(b)(3) of the Bankruptcy Code.

requirements include: (1) a statement that the presumption arises; (2) a statement that the presumption does not arise; (3) a statement that the UST cannot determine whether the presumption arises; (4) a statement that, although the UST could not initially determine that the presumption arises, the UST later determined that the presumption arises; or (5) a statement that, although the UST could not initially determine that the presumption arises, the UST later determined that the presumption does not arise. The UST also contends that the timing provisions of § 704(b)(2) only require that a motion to dismiss be filed within thirty days after the filing of the notice under § 704(b)(1). Since § 704(b) imposes no penalty on the UST for filing a statement after the ten-day time limit in § 704(b)(1), her motion to dismiss under the presumed abuse provisions of § 707(b)(2) was timely filed in this case. In any event, the UST argues that in this case, the Motion was filed less than thirty days after both the No Determination Statement and the Statement were filed and, therefore, the Motion was timely.

In BAPCPA, Congress sought to limit the discretion previously exercised by bankruptcy judges by creating a mechanical formula for presuming abuse in the filing of a chapter 7 case. In re Hartwick, 359 B.R. 16, 21 (Bankr. D.N.H. 2007) (citations omitted). Congress implemented this policy by requiring debtors to file documentation on their financial condition and history in addition to the schedules of income and expenses and to prepare calculations to determine whether the new statutory presumption of abuse arises (the "Means Test"). See 11 U.S.C. §§ 521 and 707(b)(2)(C). If a debtor does not satisfy the Means Test, the case is presumed to be an abuse under § 707(b)(2). At a hearing on a motion to dismiss under § 707(b)(2), a debtor may rebut the presumption only by demonstrating "special circumstances" as prescribed in § 707(b)(2)(B). However, at a hearing to dismiss a case where the presumption of abuse does not arise, the burden of proof is on the moving party to establish that the case was filed in bad faith

or that the totality of the circumstances of a debtor's financial situation demonstrate abuse.  11 U.S.C. § 707(b)(3).  The Objection in this case raises for the first time in this district the question of what procedural requirements, if any, do the provisions of § 704(b) impose on the UST.

The few cases that have dealt with this question are split.  It appears at least two of the bankruptcy courts examining this question have assumed, without deciding, that § 704(b) establishes a deadline.  In re dePellegrini, 365 B.R. 830, 831 (Bankr. S.D. Ohio 2007); In re Singletary, 354 B.R. 455, 466 (Bankr. S.D. Tex. 2006).  One court has held that § 704(b) imposes a deadline on the UST for filing a statement of presumed abuse.  In re Robertson, 370 B.R. 804, 811 (Bankr. D. Minn. 2007).  In Robertson, the bankruptcy court stated that the language in § 704(b) requires the UST to choose from one of two alternatives.  "There either *is* or *is not* a presumption of abuse, based upon a detail-busy analysis of the debtor's monthly income, reduced by the expenses and secured debt payments and so forth."  Id. at 810 (emphasis in the original).  In Robertson, the United States Trustee filed a statement substantively identical to the No Determination Statement filed in this case within the ten-day period required under § 704(b)(1) and amended it fifty-seven days later to a statement of presumed abuse.  Id. at 807-8.  The court in Robertson found that "under the common, every-day meaning of the statutory verbiage [in § 704(b)] there is no room for an equivocal placeholder, the planting of a stake that is somehow to reserve the right to draw a conclusion for later exercise, to toll the period under § 704(b)(2) for the filing of a motion under § 707(b)(2), or both."  Id. at 810.  The bankruptcy court also held that it was "undeniable that a motion that invokes the presumption can be made only if the UST has already, timely, put of record his unequivocal conclusion that the presumption lies in the case."  Id. at 811.

Another bankruptcy court has concluded, however, that "§ 704(b) is a mandate for U.S. Trustee action imposed for the benefit of the Court and the other parties in interest, not a deadline. Therefore, even if the U.S. Trustee had not met the § 704(b) deadlines, the motion [to dismiss] would not be timebarred merely for that reason." In re Cadwallder, No. 06-36424, 2007 WL 1864154, at *9 (Bankr. S.D. Tex. June 28, 2007). In Cadwallder, the first meeting of creditors was continued twice. Nine days after the conclusion of the first meeting, but thirty-seven days after the commencement of the meeting, the UST filed a statement substantively identical to the No Determination Statement in this case. Id. at *1. Twenty-four days later the UST filed both a statement indicating a presumption of abuse and a motion to dismiss under § 707(b). Id. The court found that although § 704(b) sets a time for the UST to file a statement of presumed abuse, it specifies no consequence for tardy action by the UST. Id. at *6. The bankruptcy court observed that the United States Supreme Court had held that action by a government agency is valid, even if the action is performed after the statutory deadline, unless the statute provides otherwise. Id. (citing Barnhart v. Peabody Coal Co., 537 U.S. 149, 158-59 (2003)). The bankruptcy court held that because Congress did not specify consequences for failure to meet the § 704(b) deadlines, "following Barnhart the Court understands that 'ordinarily' there would be none."[3] Id.

This Court finds the facts in Robertson to be analogous to the facts of this case and the statutory analysis by the court to be sound. If the provisions of § 704(b)(1) were read in isolation, this Court would agree with the conclusion in Cadwallder that the statute established a deadline without consequences for failure to meet that deadline and that the statement required

---

[3] The court in Cadwallder also observed that Federal Rule of Bankruptcy Procedure 1017(e) does impose a sixty-day time limit in most cases for filing of a motion to dismiss a case for abuse. Id. at *6.

6

of the UST is not limited to a choice between whether a presumption does, or does not, exist. However, § 704(b) must be read in its entirety. Section 704(b)(2) refers to a statement filed under § 704(b)(1). Section 704(b)(2) requires the UST, within thirty days after the filing of a statement under § 704(b)(1), to file either a motion to dismiss or a statement as to why no such motion will be filed. Section 704(b)(2) only makes sense therefore if the statement under § 704(b)(2) is a statement indicating there is a presumption of abuse; section 704(b)(2) would make no sense when applied to a statement indicating that the UST cannot make a determination regarding abuse. Robertson, 370 B.R. at 810.

Because section 704(b)(2) requires that a motion to dismiss a case by the UST based on a presumption of abuse be filed within thirty days after the filing of a statement of presumed abuse under § 704(b)(1), id. at 811, the failure to timely file a statement of presumed abuse by the deadline in § 704(b)(1) results in the UST being unable to pursue dismissal of a case for presumed abuse under § 707(b)(1) and (2). The loss of the benefit of the presumption is the consequence Congress imposed on the UST for failure to meet the deadline. The filing of the No Determination Statement in this case cannot protect the UST from the consequences of failing to meet the statutory deadline. For that reason the Debtor's Objection shall be sustained.

Of course, nothing in § 704(b) prevents the UST from filing a motion to dismiss under § 707(b)(3) where the burden of proof will rest on the UST. dePellegrini, 365 B.R. at 831. Where no presumption of abuse arises, the thirty-day deadline in § 704(b)(2) does not apply to the UST. Rather, the general deadline for filing a motion to dismiss in Federal Rule of Bankruptcy Procedure 1017(e) is applicable. Id.

7

## IV.  CONCLUSION

For the reasons discussed above, the Objection is sustained and the Motion is denied to the extent that it seeks dismissal based upon a presumption of abuse under § 707(b)(2).  The Court shall issue a separate order consistent with this opinion denying the Motion in part and scheduling a hearing on the UST's motion to dismiss under § 707(b)(3).  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

ENTERED at Manchester, New Hampshire.


Date:   November 21, 2007            /s/ J. Michael Deasy
                                     J. Michael Deasy
                                     Bankruptcy Judge