2008 BNH 009

___

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                                        Bk. No. 07-11614-JMD
                                                                                                    Chapter 7
Laura Perrotta,
          Debtor


*Mark P. Cornell, Esq.*
*Concord, New Hampshire*
*Attorney for Debtor*

*Ann Marie Dirsa, Esq.*
*Manchester, New Hampshire*
*Attorney for Phoebe Morse, United States Trustee*


## **MEMORANDUM OPINION**

### I.  INTRODUCTION

Before the Court is a Motion to Dismiss Motion of United States Trustee for Order Dismissing Case Under 11 U.S.C. § 707(b)(2) or 11 U.S.C. § 707(b)(3)[1] (Doc. No. 47) (the "Motion") filed by the Debtor.  In the Motion, the Debtor requests that the Court dismiss the UST Motion because the United States Trustee ("UST") failed to file timely a statement of presumed abuse required under § 704(b)(1)(A) of the Bankruptcy Code[2] and, therefore, she is precluded from filing any motion to dismiss the Debtor's case by virtue of § 704(b)(2).  The Debtor contends that the filing of such a statement is a prerequisite to the filing of any motion to

---

[1] The United States Trustee's Motion to Dismiss filed on October 12, 2007 (Doc. No. 15) shall be referred to in this opinion as the "UST Motion."

[2] In this opinion the terms "Bankruptcy Code," "Code," and "§" shall mean title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 ("BAPCPA") .

dismiss under § 707(b).  The UST opposes the Motion on the following grounds:  (1) this Court has previously ruled in this case that the filing of a statement under § 704(b)(1)(A) is not a prerequisite to filing a motion under § 707(b)(3); (2) the timeliness of the filing of a motion under § 707(b)(3) is governed by Interim Bankruptcy Rule 1017(e), adopted by this Court on October 14, 2005;[3] (3) the plain language of § 704(b) makes it clear that the requirement of a statement applies only to motions to dismiss for presumed abuse under § 707(b)(2); and (4) requiring the filing of a statement of presumed abuse under § 704(b)(1)(A) as a prerequisite to the filing of a motion to dismiss under § 707(b)(3), where no presumption applies, would be an absurd interpretation of § 704(b) of the Bankruptcy Code.  The Court held a hearing on the Motion on June 12, 2008, and took the matter under advisement.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  FACTS

The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on July 31, 2007.  The first meeting of creditors was held on September 4, 2007.  The UST filed a statement on September 14, 2007, indicating that she could not determine whether or not the Debtor's case was an abuse of the provisions of chapter 7, and on September 17, 2007, she filed an ex parte motion seeking a Rule 2004 examination of the Debtor and the production of documents by the

---

[3] The Interim Bankruptcy Rules adopted by the Court on October 14, 2005, shall be referred to in this Order as "IBR."

2

Debtor. After a hearing on October 4, 2007, the Court issued an order and memorandum opinion on November 6, 2007 denying the UST's request for an examination of the Debtor to assist in making the determination of abuse as required by § 704(b)(1)(A) (Doc. Nos. 17 and 18) ("Perrotta I"). In re Perrotta, 378 B.R. 27 (Bankr. D.N.H. 2007).

The UST Motion was filed on October 12, 2007. On November 21, 2007, the Court entered a memorandum opinion (Doc. No. 24) and an order (Doc. No 25) (the "2007 Order") (collectively "Perrotta II") sustaining in part the Debtor's objection to the UST Motion on the basis that the UST had failed to timely file the statement required under § 704(b)(1)(A) and, therefore, had not satisfied the procedural prerequisite in § 704(b)(2) to file a motion to dismiss under § 707(b)(2). In re Perrotta, 378 B.R. 434 (Bankr. D.N.H. 2007). The Court dismissed that portion of the UST Motion in which the UST sought to proceed under a presumption of abuse under § 707(b)(1) and (b)(2). The Debtor now seeks dismissal of the remainder of the UST Motion which requests dismissal under the totality of the circumstances provisions of § 707(b)(3).

### III. DISCUSSION

The Debtor is seeking dismissal of the UST Motion under the rationale of In re Draisey, 385 B.R. 274 (Bankr. D. Minn. 2008). In Draisey, the bankruptcy court dismissed a UST's motion to dismiss under § 707(b)(3) because no statement under § 704(b)(1)(A) had been filed, as required by § 704(b)(2). The bankruptcy court in Draisey held that the language in § 704(b)(2) required the filing of a statement of presumed abuse under § 704(b)(1)(A) before the UST could file any motion under § 707(b), including motions under § 707(b)(3) where the UST enjoys no statutory presumption of abuse. Id. at 277. The bankruptcy court in Draisey also

rejected an argument by the UST that Interim Bankruptcy Rule 1017(e)(1), rather than § 704(b)(2), provides the deadline for filing a motion to dismiss under § 707(b)(3) because the language of the statute refers to motions under "section 707(b)," not just § 707(b)(2), and the interim rule cannot be interpreted inconsistently with or contrary to the statute. Id. at 277-78.

The majority of bankruptcy courts that have considered the issue before the Court have held that § 704(b)(2) does not set forth a requirement that the UST file a statement of presumed abuse prior to filing a motion to dismiss under § 707(b)(1) or (b)(3), where the UST is not basing such motion on a presumption of abuse, and, for that reason, have concluded that the thirty-day deadline in § 704(b)(2) is not applicable. In re Ansar, 383 B.R. 344, 348 (Bankr. D. Minn. 2008) (where no presumption of abuse arises, the deadline in § 704(b)(2) does not apply); In re Byrne, 376 B.R. 700, 701 (Bankr. W.D. Ark. 2007) (§ 704(b)(1) not applicable to a motion to dismiss under § 707(b)(3)); In re dePellegrini, 365 B.R. 830, 831 (Bankr. S.D. Ohio 2007) (§ 704(b)(2) applies only when the presumption of abuse arises). Where the plain meaning of a statute is clear, it is controlling unless the literal application of the language produces a result demonstrably at odds with the intention of Congress. United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989). The decision in Draisey is a literal application of the language in § 704(b). For the reasons discussed below, the Court finds the rationale of Draisey to be contrary both to the plain meaning of the statute and to Congressional intent in adding the means test to § 707(b) of the Bankruptcy Code. Therefore, the Court agrees with the majority view and disagrees with the decision in Draisey.

### A.  Section 704(b)(2) - Statutory Language

As an initial matter, the UST argues that the Debtor's rationale is wrong and is contrary to this Court's language in the memorandum opinion issued with the 2007 Order which stated:

4

> Of course, nothing in § 704(b) prevents the UST from filing a motion to dismiss under § 707(b)(3) where the burden of proof will rest on the UST. dePellegrini, 365 B.R. at 831. Where no presumption of abuse arises, the thirty-day deadline in § 704(b)(2) does not apply to the UST. Rather, the general deadline for filing a motion to dismiss in Federal Rule of Bankruptcy Procedure 1017(e)[4] is applicable.

Perrotta II, 378 B.R. at 438. However, the Court cannot accept the UST's argument. First, the statement in Perrotta II relied upon by the UST is only *dicta*. Second, if the language in IBR 1017(e)(1) does conflict with the provisions of the Bankruptcy Code, it must yield to the Congressional mandate in the statute.

The Debtor and the UST disagree on the meaning of the language of the statute. Section 704(b)(2) provides:

> The United States trustee . . . shall not later than 30 days after the date of filing a statement under paragraph (1), either file a motion to dismiss or convert under section 707(b) or file a statement setting forth the reasons the United States trustee . . . does not consider such a motion to be appropriate, *if the United States trustee . . . determines that the debtor's case should be presumed to be an abuse under section 707(b)* . . .

(emphasis added). The Debtor contends that the last clause of § 704(b)(2) modifies only the requirement for the UST to file a statement of the reasons why a motion to dismiss under § 707(b) is not being filed. In the Debtor's view, the statement under § 704(b)(2) only requires an explanation when a presumption of abuse exists and no motion under § 707(b) will be filed. If no presumption of abuse exists, the Debtor contends that the statement under § 704(b)(2) must still be filed, but no explanation is necessary.

---

[4] The Court's reference to "Federal Rule of Bankruptcy Procedure" 1017(e) in Perrotta II is incorrect. IBR 1017(e)(1) adopted by the Court in 2005 follows language suggested by the Advisory Committee on Rules of Practice and Procedure of the Judicial Conference of the United States to provide uniform procedures for implementing BAPCPA. However, the language in IBR 1017(e)(1) has not been incorporated into the Federal Rules of Bankruptcy Procedure as of the date of this opinion.

The UST contends that the last clause in § 704(b)(2) modifies the two options which immediately precede it, i.e., the requirement to file a motion to dismiss and the requirement to file a statement why no such motion is being filed.  The UST concludes that § 704(b)(2) only applies to cases where the UST has determined that presumed abuse arises and, therefore, does not apply to motions to dismiss under § 707(b)(1) or (b)(3) where the presumption of abuse is not present.[5]

The Court finds that the only reasonable grammatical construction of § 704(b)(2) is the one argued by the UST.  The last clause of § 704(b)(2) modifies the binary choice Congress imposed on the UST to act only when a presumed abuse arises and has been timely disclosed by a statement under § 704(b)(1)(A).  While it is true that the last clause refers to "section 707(b)" and not § 707(b)(2), the Court finds that this distinction makes no difference because a presumption of abuse can only arise under the provisions of § 707(b)(2).  Sections 707(b)(1) and (b)(3) only provide the authority for a case to be dismissed or converted to chapter 11 or 13 when relief in the case would be an abuse of the provisions of chapter 7, and the standards applicable to such determinations.  The presumption of abuse is relevant if and only if the conditions in § 707(b)(2) are present and the UST has satisfied the procedural prerequisite under § 704(b) to obtain the benefit of the presumption.  Accordingly, the Court could deny the Motion based solely on the plain language of § 704(b)(2).  However, the Court's interpretation of the

---

[5] The Debtor also argues that all motions to dismiss for abuse are filed under § 707(b)(1) and not under either § 707(b)(2) or (b)(3) because both of those subsections begin with the same language, namely: "In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter . . ."  The Court agrees with the Debtor that subsections (b)(2) and (b)(3) both refer to subsection (b)(1) as the part of § 707(b) providing for dismissal of cases for abuse.  While references to motions to dismiss under § 707(b)(2) or § 707(b)(3) may be technically inaccurate, such references do serve to identify the grounds for a motion to dismiss for abuse and indicate whether or not a presumed abuse arises.  The Court does not view such references as making a substantive distinction.  However, they do clarify the basis for the motion and such references shall be used in this opinion.

language of § 704(b)(2) is also supported by viewing it in the context of the changes to the Bankruptcy Code made by BAPCPA.

### B. Section 704(b)(2) - Statutory Construction

The language in § 704(b)(2), as it references the statement filed under § 704(b)(1), must be viewed not only in the context of those subsections, but also in the context of BAPCPA's overall changes to § 707(b). "In BAPCPA, Congress sought to limit the discretion previously exercised by bankruptcy judges by creating a mechanical formula for presuming abuse in the filing of a chapter 7 case." Perrotta II, 378 B.R. at 437. The new mechanical formula for determination of abuse, the so-called "means test," was added as § 707(b)(2). In re Hartwick, 359 B.R. 16, 21 (Bankr. D.N.H. 2007). "The major objective of Congress in adding the means test in § 707(b)(2) was to limit judicial discretion from the process of determining abuse by providing an objective standard for establishing a presumption of abuse." Id. (citing In re Hartwick, 352 B.R. 867, 870 (Bankr. D. Minn. 2006)). However, Congress did not abrogate the ability of bankruptcy courts to consider circumstances outside of the means test, including postpetition developments, in determining abuse. Id. The basic authority of a bankruptcy court to dismiss a case was strengthened by amendments to § 707(b)(1) by deleting the language indicating a presumption in favor of the debtor and lowering the standard from "substantial abuse" to "abuse." Id. at 20. Prior to BAPCPA, the bankruptcy courts had established a totality of the circumstances standard for determining when substantial abuse existed. See First USA v. Lamanna (In re Lamanna), 153 F.3d 1 (1st Cir. 1998). BAPCPA added the judicially created totality of the circumstances test to the statute in new § 707(b)(3). Hartwick, 359 B.R. at 20. Although Congress added the means test and the presumption of abuse in order to limit judicial discretion in deciding motions to dismiss under § 707(b), Congress expressly preserved, and

7

even strengthened, the discretion that existed in the bankruptcy courts under prior law in the amendments to § 707(b)(1) and the addition of § 707(b)(3).

The means test in § 707(b)(2) is intended to be a snapshot of a debtor's financial circumstances on the date that a bankruptcy petition is filed based upon objective criteria which are made a part of the record of a case in filings made by the debtor.  11 U.S.C. § 521; IBR 1007(b)(4); Hartwick, 359 B.R. at 21.  The impact of postpetition events are not part of the means test.  Id.  If the UST wishes the bankruptcy court to consider postpetition events, she may not rely on a presumption of abuse under the means test, but must bring her motion to dismiss under § 707(b)(1) or (b)(3) and satisfy the burden of proof without the benefit of any presumption.  Id.; In re Singletary, 354 B.R. 455, 465 (Bankr. S.D. Tex. 2006).

Section 704(b) was added to the Bankruptcy Code by BAPCPA.  Subsection 704(b)(1) requires the UST to review all of the materials filed by the debtor as a result of the addition of the means test and, within ten days after the date of the first meeting of creditors, "file with the court a statement as to whether the debtor's case *would be presumed to be an abuse*."  11 U.S.C. § 704(b)(1)(A) (emphasis added).  Section 704(b)(2) requires the UST, within thirty days after she files a statement under § 704(b)(1)(A), to either file a motion to dismiss "or a statement setting forth the reasons the [UST] does not consider such a motion to be appropriate, if the [UST] determines that the debtor's case *should be presumed to be an abuse under section 707(b)*."  11 U.S.C. § 704(b)(2) (emphasis added).  Since a presumption of abuse can arise solely under the provisions of § 707(b)(2), and must be based solely upon circumstances which exist on the date the bankruptcy petition is filed, the only interpretation of the language of § 704(b) that is consistent with the policy changes enacted by Congress in § 707(b) is that the requirements to file the statement and to satisfy the associated thirty-day deadline under § 704(b)(2) apply only

8

where a motion to dismiss under § 707(b)(1) is based on a presumption of abuse under § 707(b)(2).  The Debtor's proposed interpretation would frustrate Congressional intent in codifying the totality of the circumstances test in § 707(b)(3).  Accordingly, where the UST is seeking dismissal under § 707(b)(1) or (b)(3) without invoking a presumption of abuse, the statement and time limitations under § 704(b) do not apply.  In such situations, the sixty-day deadline of IBR 1017(e) is applicable.

In this case, the meeting of creditors was first set for September 4, 2007, and the UST Motion was filed on October 12, 2007.  Accordingly, the UST Motion was timely filed under the provisions of IBR 1017(e)(1).

## IV.  CONCLUSION

For the reasons set forth above, the Motion shall be denied.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

ENTERED at Manchester, New Hampshire.

Date:   June 17, 2008                    /s/ J. Michael Deasy
                                         J. Michael Deasy
                                         Bankruptcy Judge